On May 30, 1975, the court issued the following order:.
Before skelton, Judge, Presiding, Nichols and bennett, Judges.
“These cases come before the court on defendant’s motion for rehearing and suggestion for rehearing en banc, filed April 30, 1975, pursuant to Buies 151 and 7, and on plaintiff’s protective motion for rehearing, filed April 30, 1975. Upon consideration thereof, together with the responses in opposition thereto, without oral argument, by the seven active Judges of the court as to the suggestion for rehearing en bane under Buie 7, which suggestion is denied, and further having been so considered by the panel 'listed above as to the motions of the parties for rehearing under Buie 151,
“it is ordered that the slip opinion entered herein on April 16,1975 [ante, at 609], be and the same is amended as follows:
“1. That the second sentence and citations [starting with the words “The profit factor” and ending with the date “ (1972) ”] appearing at lines 8 through 13 of page 24 [ante, lines 3-8, page 637], are deleted and the following is inserted in lieu thereof:
The profit factor is really only significant insofar as it is a means of distinguishing between an enterprise carried on in good faith as a “trade or business” and an enterprise carried on merely as a hobby, 4 A mertens, LAW OF FEDERAL INCOME TAXATION § 25.08 (1972), Or for determining whether profit and nonprofit activities of a single taxpayer may be aggregated and treated as a single integrated trade or business, Iowa State University of Science and Technology v. United States, 205 Ct. Cl. 339, 500 F. 2d 508 (1974).
“2. That the last sentence and citation [starting with the words “Given the particular” and ending with the word *902 [“supra”] appearing at lines 15 through 19 of page 24 [ante, lines 10-14, page 637], are deleted and the following sentence and footnote are inserted in lieu thereof:
Given the particular circumstances of this case the fact that plaintiff is a nonprofit enterprise should not necessarily preclude his taking a trade or business expense deduction, at least to the extent of income received by it. See, e.g. Anaheim, Union Water Co. v. Commissioner, supra.[1]
“3. That the second full paragraph appearing at lines 20 through 28 of Page 24 [ante, lines 15-23, page 637], beginning with the word “In” and ending with the word “profit”, is deleted.
“it is further ordered that, except as set forth above, no further changes or amendments are to be made in the said opinion of April 16, 1975, and that in all other respects the parties’ motions for rehearing are denied.”

 In Iowa State, supra, we disapproved of Anaheim to the extent it permitted a taxpayer to aggregate his profit and nonprofit making activities and deduct costs associated with a nonprofit function from income generated by unrelated profit-making activities. Where our language in Iowa State implies a disapproval broader in scope it concerns issues not before the court in that case and is therefore dicta, not controlling here.